UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUMELL TURNER,

    Petitioner,

v.

THOMAS MACKIE,

    Respondent.
_____/

Case No. 2:15-cv-10931
Hon. Paul D. Borman
United States District Judge

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY AND HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [Dkt. 3]**

This is a habeas corpus case filed under 28 U.S.C. §2254 by a Michigan prisoner incarcerated at the Oaks Correctional Facility. Petitioner Trumell Turner was convicted in the Wayne Circuit Court of second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. The petition, as presently constituted, claims that insufficient evidence was present at trial to sustain his conviction.

Along with his petition, Petitioner filed a motion to stay his case so he can return to state courts and exhaust additional claims: 1) Petitioner is actually innocent, 2) Petitioner's trial counsel was ineffective for failing to investigate and call alibi witnesses at trial, 3) Petitioner's trial counsel was ineffective for failing to impeach a prosecution witness with a prior inconsistent statement, 4) insufficient evidence was presented at trial to sustain Petitioner's convictions, and 5) Petitioner's appellate counsel was ineffective for failing to raise meritorious claims during Petitioner's direct appeal. Respondent has not filed a response to the motion.

1

For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust his new claims.

## I. Background

Following his conviction and sentence, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising his sufficiency of the evidence claim. The court of appeals affirmed Petitioner's conviction. *People v. Turner*, No. 307748 (Mich. Ct. App. June 25, 2013). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim as in the Michigan Court of Appeals. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Turner*, No. 147496 (Mich. Sup. Ct. December 23, 2013).

## II. Discussion

Petitioner seeks to eventually present his newly discovered claims in this action. A state prisoner seeking federal habeas relief, however, must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). See *Picard v. Connor*, 404 U.S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. See *Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a federal court. *Id*.

The U.S. Supreme Court has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations may ask for a federal habeas petition to be held in abeyance pending the exhaustion of state post-conviction remedies. See *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber*, 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

According to the allegations in Petitioner's motion for a stay his family has retained an attorney to pursue state post-conviction relief raising claims of ineffective assistance of trial counsel that he alleges were omitted from his direct appeal due to his appellate attorney's ineffectiveness. Under Michigan Court Rule 6.502 Petitioner has a potential state court procedure available to pursue exhaustion of his new claims. Furthermore, at least before the claims are presented to the state courts, this Court cannot conclude that Petitioner's new claims are "plainly meritless." See *Rhines*, 544 U.S. at 278.

It appears that Petitioner filed the present habeas petition mere days before expiration of the one-year statute of limitations. Because of concerns posed by the statute of limitations, the Court will therefore stay the petition pending exhaustion of his new claims. However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his

3

state court post-conviction proceedings. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

This tolling is conditioned upon Petitioner diligently pursuing relief in the state courts by filing a motion for relief from judgment in the trial court within sixty days of this order, pursuing a timely appeal in the state courts if the motion is denied, and then returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. See *Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. Order

Accordingly, it is **ORDERED** that Petitioner's motion to stay (Dkt. 3) is **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's state application for post-conviction review. This tolling is conditioned upon Petitioner filing his motion for relief from judgment within sixty days of this order and then re-filing his habeas petition—using the case number already assigned to this case—within sixty days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                                 s/Paul D. Borman  
                                                 PAUL D. BORMAN  
                                                 UNITED STATES DISTRICT JUDGE

Dated: August 12, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 12, 2015.

s/Deborah Tofil<br>Case Manager